UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| SABAT SEMAAN, | ) | No. CV 06-03308-VBK |
| Plaintiff, | ) ) ) | MEMORANDUM OPINION AND ORDER |
| v. | ) ) | (Social Security Case) |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and certified Administrative Record ("AR") before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified AR. After reviewing the matter, the Court concludes that the decision of the Commissioner must be reversed and the matter remanded for further hearing.

Plaintiff asserts that the Administrative Law Judge ("ALJ") did not give proper consideration to the opinions of examining physicians. The Court agrees.

Plaintiff provides a lengthy and helpful discussion of the opinions of three physicians: Dr. Kriegsman; Dr. Donahue; and Dr. Fedder. (Joint Stipulation ["JS"] at 5-8.)[1]

**A.  ALJ Decision.**

Most pertinent to the ALJ's decision is his determination of Plaintiff's residual functional capacity ("RFC"), comprising an ability to do light work, with postural limitations of occasional stooping, kneeling, crouching, crawling, reaching overhead with her right arm, and a limitation to sitting/standing for four hours in an eight-hour work day. (AR 25.)

**1.  Dr. Kriegsman:**

Dr. Kriegsman initially evaluated Plaintiff on September 27, 1993, and then wrote a report on October 20, 1993. (AR 257-262.) He treated Plaintiff until November 29, 1994. (AR 222-256.) In 1995, he made recommendations for additional surgery on Plaintiff's left knee. (AR 235.) Dr. Kriegsman's opinions are based upon independent testing and evaluation. He opined that Plaintiff would be precluded from any kneeling or squatting, going up or down stairs, ladders, working on an incline or on uneven ground. (AR 239.)

Dr. Kriegsman evaluated Plaintiff's pain as ranging from slight

---

[1] While Plaintiff identifies the issue in this case as whether proper consideration was given to the opinions of examining physicians, it appears that Dr. Kriegsman was Plaintiff's treating physician.

to moderate/severe on a daily basis. He indicated that Plaintiff requires pain medication on a daily basis for her knee problems. (Id.)[2]

### 2. **Dr. Donahue**:

Dr. Donahue, an Agreed Medical Examiner ("AME"), performed an orthopedic evaluation on May 24, 1995. (AR 351-369.) There is no discussion in the ALJ's decision of Dr. Donahue's report or conclusions. He found that Plaintiff would be restricted to what he characterized as light work, but with physical requirements identified as a minimal amount of physical effort. (AR 368.)

He identified Plaintiff's pain as occurring occasionally in her cervical spine with occasional radiation into the right arm and shoulder; intermittently frequent in the right shoulder with radiation into the right side of the cervical spine and right arm, accompanied by a loss of range of motion during overhead reaching; intermittent frequent pain in the lumbar spine which is relieved by medication, but radiates into the left posterior thigh and is made worse by prolonged standing, walking, sitting, and stationary positioning; and constant slight pain in Plaintiff's right knee which becomes moderate with prolonged standing and walking, and occasional giving way of the right knee. (AR 367.)

### 3. **Dr. Fedder**:

Dr. Fedder, also an AME, performed an examination of Plaintiff on July 24, 1996. (AR 371-396.) Dr. Fedder reviewed the reports and

---

[2] It is apparent from Dr. Kriegsman's report that despite taking daily pain medication, Plaintiff is not relieved of pain in her knee.

3

opinions of Drs. Donahue and Kriegsman. (AR 380-383.) Pertinent to the Court's consideration are the restrictions described by Dr. Fedder, which included no prolonged standing or walking, no pivoting or twisting on either lower extremity; no ascending or descending stairs or working in squatting or kneeling positions; and to avoid lifting or carrying of heavy objects. (AR 394.)

In his decision, the ALJ makes brief reference to Dr. Fedder's examination (AR 22), noting the prohibition on pivoting or twisting on either lower extremity, or working in a squatting or kneeling position. The ALJ misidentified Dr. Fedder's prohibition on ascending or descending stairs as a restriction from "frequent" performance of these activities. (Id.) Despite summarizing Dr. Fedder's restrictions in a substantially correct manner, the ALJ's RFC determination fails to incorporate any of them, with no explanation for the omission, or rejection of Dr. Fedder's findings. (AR 25.)

      **4.** **Dr. Karbelnig**:

At the hearing in this matter (AR 494-546), the ALJ took testimony from a medical expert ("ME"), Dr. Karbelnig. (AR 515-525.) Dr. Karbelnig did not examine Plaintiff, but was limited to his review of the records. (AR 512.) During questioning by Plaintiff's counsel (the same counsel who now represents her in this action), the ME indicated he had reviewed Dr. Fedder's reports, and in particular, concerning Dr. Fedder's preclusion of "prolonged" standing or walking, the ME described that term as "ambivalent." (AR 519.) This did not, however, prevent the ME from "estimating" that Plaintiff could stand or walk for five or six hours in an eight-hour day. (AR 519.)

**B.  Applicable Law**.

The ALJ's duty is to analyze all the evidence in the record. While a written decision need not specifically discuss every piece of evidence, the Court's responsibility is to determine whether the decision is based on substantial evidence, and to insure that the ALJ did not selectively analyze the evidence. (See Howard ex. rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003).)

In evaluating the opinion of a treating physician as against that of non-treating source, such as an ME, where there is a contradiction, and the non-treating source's opinion is not based on independent clinical findings, or rests on clinical findings also considered by the treating physician, the opinion of the treating physician may be rejected only if the ALJ gives specific and legitimate reasons for doing so that are based on substantial evidence in the record. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); see also Magallanes v. Bowen, 881 F.2d 747 751, 755 (9th Cir. 1989); Ramirez v. Shalala, 8 F.3d 1449, 1453 (9th Cir. 1993)(applying test where ALJ relied on contradictory opinion of non-examining medical advisor).

With regard to subjective pain complaints, an adverse credibility finding must be based on specific and legitimate conclusions based on evidence in the record which is pertinent to credibility. See Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989); Magallanes, 881 F.2d at 755. Such findings must enable the ALJ to "'convincingly justify his rejection' of the claimant's excess pain testimony." Stewart v. Sullivan, 881 F.2d 740, 743 (9th Cir. 1989)(quoting Bellamy v. Secretary of Health and Human Services, 755 F.2d 1380, 1382 (9th Cir. 1985).)

**C.  Discussion**.

The ALJ in this case ignored or failed to adopt as part of his RFC determination significant postural and functional limitations which were assessed by treating and examining physicians (which the Court has summarized in its review of the reports of these physicians).  There is no basis for the Court to review the adequacy of the ALJ's rejection of these limitations, because no reasons were given.  Particularly striking is the fact that while the ALJ briefly summarized Dr. Fedder's opinion, he then proceeded to ignore certain important limitations assessed by Dr. Fedder.  Especially in view of the fact that there is no contradictory medical evidence, the Court cannot determine why, for example, the ALJ rejected Dr. Fedder's opinion that Plaintiff was precluded from pivoting or twisting on either lower extremity, or from working in a squatting or kneeling position.

In the JS, the Commissioner attempts to substantiate the ALJ's finding that Plaintiff could stand or walk for four hours in an eight-hour day as not being inconsistent with Dr. Fedder's preclusion from "prolonged" standing, based upon the ME's testimony that "prolonged" is an ambivalent term, subject to estimation by a non-examining doctor. (See JS at 11.)  To the contrary, it is fundamental that if a record is, in a material matter, ambiguous or undeveloped, the ALJ must develop that record.  See Mayes v. Massanari, 276 F.3d 453, at 459-460 (9th Cir. 2001).

Finally, the Court is most troubled by the ALJ's total omission of any pain limitations in Plaintiff's RFC.  Each of the three doctors who treated and examined Plaintiff provided specific pain findings, based on their clinical examinations.  The ALJ determined that pain is

not a factor in Plaintiff's disability determination, despite conceding that Plaintiff had "pain in her right shoulder, both knees and back, impairments that were "severe" within the meaning of the Regulations..." (AR at 24.)  If the ALJ rejected any inclusion of pain in the RFC analysis based on a credibility determination, the Court finds that determination to be wholly inadequate. (See Decision at pp. 23-24.)  He first questions Plaintiff's credibility that she could not do any work based upon a 1992 conclusion of a physician that Plaintiff could do light work.  Clearly, this is not an adequate finding.  Second, he further questions Plaintiff's credibility because although he indicated she had the "capacity and competence"[3] to complete a vocational rehabilitation course as a medical assistant, "there is no evidence in the record that she made any effort to pursue this avenue for return to the work force." (AR 24.)  There is no evidence in the record that equates the physical demands of completion of a vocational rehabilitation <u>course</u> as a medical assistant with the physical demands of this <u>work</u>.  Moreover, the work of medical assistant was not an occupation which either the vocational expert or the ALJ concluded Plaintiff could perform.  Rather, the ALJ found that Plaintiff could work as a photocopy operator or a parking lot attendant.

//
//
//
//
//

---

[3] The Court does not understand the reference to competence concerning an issue which strictly concerns Plaintiff's physical abilities and limitations.

For the foregoing reasons, the decision of the Commissioner is reversed and this matter is remanded for a new hearing consistent with this Memorandum Opinion.

**IT IS SO ORDERED.**

DATED: February 27, 2007

/s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE