UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SABAT SEMAAN, | No. CV 06-03308-VBK |
| Plaintiff, | ORDER AWARDING ATTORNEY FEES PURSUANT TO 42 U.S.C. §406(b) |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

**I**

**INTRODUCTION**

On February 27, 2007, United States Magistrate Judge Victor B. Kenton ordered that Plaintiff's application for Social Security benefits be remanded to the Defendant Commissioner for further proceedings.   The parties agree that the Social Security Administration awarded Plaintiff $43,853.25 in back benefits. (See also Exhibit ["Ex."] 3 to Motion.)  Now pending before the Court is the petition of Plaintiff's counsel, Lawrence D. Rohlfing, for attorney fees in the amount of $14,500 for his representation of

1  Plaintiff in this matter.[1]

2      Defendant filed a response which neither opposes nor supports
3  the petition.   Rather, Defendant's position is only that the
4  requested net fee of $9,844.38 (i.e., $14,500.00 less the $4,655.62
5  previously received by Plaintiff's counsel under the Equal Access
6  to Justice Act ["EAJA"]) must be "reasonable" under the guidelines
7  enunciated in Gisbrecht v. Barnhart, 535 U.S. 789, 122 S. Ct. 1817,
8  152 L. Ed. 2d 996 (2002).   After careful consideration, the court
9  finds in this case that $14,500.00 for 24.6 hours of work by
10 Plaintiff's counsel and 6.9 hours of paralegal work is "reasonable,"
11 under the standards enunciated in Gisbrecht.

12

13                                **II**

14                    **DISCUSSION AND ANALYSIS**

15     Plaintiff's counsel brings this petition pursuant to 42 U.S.C.
16 §406(b), which provides in relevant part:

17          Whenever a court renders a judgment favorable to a
18          claimant under this subchapter who was represented
19          before the court by an attorney, the court may
20          determine and allow as part of its judgment a
21          reasonable fee for such representation, not in excess
22          of 25 percent of the total of the past-due benefits to
23          which the claimant is entitled by reason of such
24          judgment.

25     In Gisbrecht, supra, the Supreme Court resolved a division

26  _____

27     [1]  This amount would be offset by EAJA fees of $4,655.62
    previously awarded, which amount would be paid directly to Plaintiff
28  by Plaintiff's counsel from the gross award of fees.

among the federal circuits on the appropriate method of calculating attorney fees under §406(b). Rejecting the "lodestar method" which several of the circuits (including the Ninth Circuit) had been applying, the Supreme Court held:

> [Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, §406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits... Within the 25 percent boundary,...the attorney for the successful claimant must show that the fee sought is **reasonable for the services rendered**.

122 S.Ct. at 1828 (emphasis added).

In determining whether the award of $14,500.00 sought by Plaintiff's counsel is "reasonable for the services rendered" here, the Court has considered a number of factors. Several of these factors fall in favor of Plaintiff's counsel.

First, under the terms of the contingent fee agreement between Plaintiff and Plaintiff's counsel, Plaintiff's counsel would be entitled to fees corresponding to 25% of the back benefits awarded. Plaintiff agreed to the 25% contingency and the $14,500.00 award sought represents less than the agreed upon maximum contingency

1 | amount.  The Court has no basis for finding that there was any fraud
2 | or overreaching by counsel in the making of the contingent fee
3 | agreement with Plaintiff.

4 | Second, the $14,500.00 award sought by Plaintiff's counsel is
5 | not in excess of the 25% statutory limit.  Indeed, as stated, the
6 | fees sought amount to 25% of Plaintiff's recovery and comport with
7 | the terms of the contingent fee agreement between Plaintiff and
8 | counsel.

9 | Third, there is no excessive delay attributable to counsel
10 | which would unduly increase the back benefits accumulated during the
11 | pendency of the case in court.

12 | In this case, the Court finds that the complexity of the issues
13 | raised is also a significant factor, as is the skill of Plaintiff's
14 | counsel in identifying and vigorously litigating these meritorious
15 | issues.

16 |

### III

#### CONCLUSION

19 | Based upon the foregoing considerations, the Court finds and
20 | concludes that the $14,500.00 in fees sought by Plaintiff's counsel
21 | is reasonable.  The petition for $14,500.00 in gross attorney fees
22 | pursuant to 42 U.S.C. §406(b) is **GRANTED**.  Upon payment by the
23 | Commissioner of such amount out of the withheld back benefits,
24 | //
25 | //
26 | //
27 | //
28 | //

1    Plaintiff's counsel shall refund to Plaintiff the lesser EAJA fee

2    of $4,644.62 (which the Defendant has already paid to Plaintiff's

3    counsel).

4        **IT IS SO ORDERED.**

5

6    DATED: _April 30, 2008_        _____/s/_____

7                                  VICTOR B. KENTON
                                   UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28